IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBIN L. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-816-GMS-MPT |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

Pending before the court is magistrate judge Thynge's Report and Recommendation, (the "R and R"), dated February 12, 2010 (D.I. 23), and Robin L. Carter's ("Carter") Objections to the Report and Recommendation (D.I. 24). For the reasons discussed, the court will overrule Carter's objections, and adopt the R and R (D.I. 23), which recommends that the court: (1) deny Carter's motion for summary judgment (D.I. 16); (2) grant Michael J. Astrue's ("Astrue") cross-motion for summary judgment (D.I. 19); and (3) grant Astrue's motion for an extension of time (D.I. 18).

## II. CARTER'S OBJECTIONS

Carter contends that magistrate judge Thynge erred in holding that the determination of the Administrative Law Judge ("ALJ") was supported by substantial evidence. Specifically, Carter submits that legal error was committed when: (1) magistrate judge Thynge did not apply the correct standard of proof; (2) the ALJ failed to weigh multiple medical opinions; (3) the ALJ failed to discuss the testimony of two witnesses; (4) the ALJ substituted his own judgment for that of the medical experts; (5) the ALJ did not account for all of his own findings in Carter's

residual functional capacity ("RPC") form; and (6) the ALJ did not fully develop the record.

## III. STANDARD OF REVIEW

Because the magistrate judge filed her report and recommendation pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure, the pending motions are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

## IV. DISCUSSION

After having reviewed the record in this case, the February 12, 2010 R and R, Carter's submission, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching her conclusions.

First, the magistrate judge did apply the correct standard of review. In reviewing social security appeals from an ALJ, a magistrate judge is to apply a substantial evidence standard. *See Brown v. Astrue*, 649 F.3d 193, 194-95 (3d Cir. 2011) (noting that the magistrate judge properly concluded that the ALJ's decision was supported by substantial evidence).

Second, the ALJ properly weighed the multiple medical opinions. The ALJ determined that Carter had a number of severe impairments and specifically discussed her primary physician's, Dr. Al-Junaidi, records and the examination of Carter by Dr. Chester, of the Delaware Disability Determination Service, in support of his findings. The actual weight given to each opinion does not affect the ALJ's conclusion that Carter's ailments do not meet a listed disability under Appendix 1. In fact, neither Dr. Al-Junaidi's conclusion that Carter was disabled,

nor Dr. Chester's finding that Carter had a moderate social impairment, make the existence of a listed disability in Appendix 1 more likely. In addition, Dr. Chester's finding is not given controlling weight because it is inconsistent with the substantial evidence in the record.

Third, the ALJ did not commit error in failing to mention the testimony of Carter's two witnesses. Contrary to Carter's assertions, the ALJ did consider the testimony of her mother and boyfriend and provided adequate reasons for questioning their credibility. The ALJ correctly noted that Carter's mother and boyfriend testified as to the intensity, persistence and limiting effects of her symptoms and stated that both were consistent with her allegations. After suggesting that their testimony may not be entirely credible, the ALJ proceeded to explain how the "preponderance of the medical evidence [did] not reflect impairments that would prevent [Carter] from performing unskilled sedentary work" and listed specific examples of Carter's capabilities. Therefore, the ALJ clearly indicated that he considered the witnesses' testimony, and then thoroughly discussed the reasons for finding them not credible.

Fourth, the ALJ did not substitute his own judgment for that of the medical experts. Despite medical opinions suggesting some limitation in interacting with others, Carter, by her own admission, testified that she has no difficulty getting along with family, friends, neighbors and others. In fact, she admits to being well liked by her coworkers when she was employed. Furthermore, the opinion to which Carter refers indicates that she is capable of and does socialize, and only suggests that she "may not work well with others." The medical record, coupled with Carter's statements, supports the ALJ's conclusion that Carter is able to "interact with other people sufficiently to perform work."

Fifth, the ALJ properly accounted for Carter's alleged mental disabilities. The court finds that the phrase "simple tasks and instructions" adequately accounted for Carter's mental

3

limitations. The ALJ's hypothetical was substantially supported by two RFC assessments completed on December 2004 and March 2005. While both assessments noted that Carter's concentration was poor, the first RFC stated that Carter was capable of handling "simple tasks," and the second indicated that she "could perform repetitive tasks." Furthermore, Carter's intellectual limitations were only in concentration, persistence, and pace. Her impairments did not affect other functions such as "reliability, common sense, ability to function independently, and judgment . . . ." *Burns v. Barnhardt*, 312 F.3d 113, 123 (3d Cir. 2002).

Finally, the ALJ satisfied his obligation to help Carter develop a complete record. During the hearing, the ALJ granted Carter an extension to supplement her medical history and informed Carter's counsel to notify him if there were any issue in obtaining additional records. Carter does not contend that she made any further requests regarding those documents. Indeed, Carter offers no explanation for why she was unable to obtain the evidence she claims is missing from the record. Thus, the court finds that the ALJ did not fail to develop the record.

## V. CONCLUSION

For the foregoing reasons, the court adopts the recommendations of the R and R, and grants Astrue's cross-motion for summary judgment.

Dated: October 14, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN L. CARTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>)<br>Defendant. )<br>) | C.A. No. 07-816-GMS-MPT |

**ORDER**

AND NOW, this 14th day of Oct., 2011, upon consideration of magistrate judge Thynge's Report and Recommendation, dated February 12, 2010, and Robin L. Carter's Objections to the Report and Recommendation, it is hereby ORDERED and DECREED that:

1. Plaintiff's motion for summary judgment (D.I. 16) is DENIED.

2. Defendant's cross-motion for summary judgment (D.I. 19) is GRANTED.

3. Defendant's motion for extension of time (D.I. 18) is GRANTED.

4. The Report and Recommendation, Dated February 12, 2010 (D.I. 23), is ADOPTED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE