IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBIN L. CARTER                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      C.A. No. 07-816-GMS-MPT
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security          )
                                         )
            Defendant.                   )
                                         )

## MEMORANDUM

### I.  INTRODUCTION

On February 12, 2010, a Report and Recommendation ("R&R") was issued

recommending that the court deny Robin L. Carter's ("Carter") motion for summary judgment

(D.I. 16), and grant the Commissioner's cross-motion for summary judgment (D.I. 19).  On

October 14, 2011, the court adopted the R&R resulting in the affirmance of the decision of the

Administrative Law Judge ("ALJ").  (D.I. 27.)  Presently before the court is Carter's Motion to

Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e).  (D.I. 28)

### II.  STANDARD OF REVIEW

FED. R. CIV. P. 59(e) is "'a device to relitigate the original issue' decided by the district

court, and [it is] used to allege legal error." *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)

(citation omitted).  In order to prevail on a FED. R. CIV. P. 59(e) motion, the moving party must

show: (1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court issued its order; or, (3) the need to correct a clear error of law

or fact or to prevent a manifest injustice.  *Max's Seafood Cafe* ex rel. *Lou-Ann, Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is not a mechanism to reargue issues

that the court has already considered and decided. *Brambles USA, Inc. v. Blocker*, 735 F. Supp.

1239, 1340 (D.Del. 1990).

### III. DISCUSSION

The court concludes that Carter's motion fails to warrant relief.  Carter contends that the

court's decision to adopt the R&R "is founded on a clear error of law that results in manifest

injustice" because the R&R incorrectly identified the listings of 20 C.F.R. Pt. 404, Subpt. P,

App. 1 as controlling in this matter.  (D.I. 29 at 1.)

Carter states that she did not claim a listing disability level, and that "the Supreme Court

has emphasized that the standard for disability under the listings is higher than that required to

establish disability under the Act." (*Id.*)  Nevertheless, Carter fails to note that an "unlisted

impairment, or combination of impairments" can be equivalent to a listed impairment. *Sullivan

v. Zebley*, 493 U.S. 521, 531 (1990).  Further, "[t]he reason for the difference between the

listings' level of severity and the statutory standard is that, for adults, the listings were designed

to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* at 532.  If

the adult's "impairment is not one that is conclusively presumed to be disabling, the evaluation

proceeds to the fourth step." *Id.* (quoting *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987)).

Here, the ALJ determined that Carter did not suffer from a listed impairment, or its

equivalent. (D.I. 23 at 16-19.)  Further, the ALJ concluded that Carter satisfied the fourth step,

as Carter's condition was "severe enough to prevent her from performing any past relevant

work." (*Id.* at 16.)  Nevertheless, under the fifth step, the ALJ found that Carter was capable of

performing other available work. (*Id.* at 18-19.)  Therefore, Carter's point regarding the

distinction between the standards for disability under the listings and those required to establish disability under the Act is without consequence.

Next, Carter asserts that the ALJ "failed to properly consider, discuss, and weigh the opinions of her long-time treating physician, multiple aspects of the examining and non-examining opinions, multiple mental assessments of global functioning, and the testimony of two witnesses." (D.I. 29 at 5.) Essentially, Carter rehashes the same arguments made in her appeal. These arguments have been properly addressed by the R&R, and by the court. (*See* D.I. 23, D.I. 27.)

Neither of Carter's arguments warrant reconsideration of the court's decision. Carter has not made a proper showing of legal error. Accordingly, the court will deny Carter's FED. R. CIV. P. 59(e) motion.

## IV. CONCLUSION

For the reasons stated above, Carter's Motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) is denied.

Dated: May 24, 2012

_____
CHIEF, UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBIN L. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-816-GMS-MPT |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons stated in the accompanying Memorandum of the same date, IT IS
HEREBY ORDERED that:

1. Robin L. Carter's Motion to Alter Judgment Pursuant to Rule 59(e) (D.I. 28) is
   hereby DENIED.

Dated: May 24 , 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE